UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO EL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:20–cv–2249–TLN–KJN PS<br><br>ORDER GRANTING IFP AND STAYING CASE; and<br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE<br><br>(ECF No. 1, 2) |

Plaintiff, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed without paying the filing fee.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons stated below, the court recommends the case be dismissed with prejudice as legally frivolous.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1) for the issuance of findings and recommendations.

1

<u>Legal Standard</u>

Federal courts have an independent duty to assess whether federal subject matter jurisdiction exists. See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over [an] action sua sponte, whether the parties raised the issue or not"); <u>accord</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Generally, federal courts have original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

However, the Supreme Court has held that federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted); <u>Hagans v. Lavine</u>, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); <u>see also</u> <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction) (citing <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A [] complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction.") (abrogated on other grounds)). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Pro se pleadings are liberally construed. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See <u>Noll v.</u>

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  However, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Analysis

Here, plaintiff has filed suit against the State of California, the Superior Court of California, the L.A. Sheriff's Department, eleven individuals and two "John Doe's."  (ECF No. 1.)  Plaintiff's complaint is simply a list of statutes arising under the criminal code, including such sections as 18 U.S.C. § 2381–Treason and 18 U.S.C.§ 1091(a)–Genocide.  The complaint is mostly a collection of conclusory statements and phrases with little meaning attached to each.  Plaintiff's attachments also appear disconnected from any actual allegations.

The undersigned finds plaintiff's complaint wholly frivolous.   Plaintiff includes no facts to support any claim, which seem spurious at best.  Further, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).  For these reasons, plaintiff's complaint should be dismissed.

Further, the court ordinarily grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. In light of the court's recommendations and plaintiff's frivolous filing, all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  Other than objections to the findings and recommendations, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

3

## **RECOMMENDATIONS**

Further, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 13, 2020

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ehre.2215

4